IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VCA CENVET, INC.,

   Plaintiff

v.     CIVIL NO. JKB-11-1763

CHADWELL ANIMAL HOSPITAL, LLC,
*et al.*,

   Defendants

## MEMORANDUM OPINION

VCA Cenvet, Inc. ("Plaintiff") brought this suit against Chadwell Animal Hospital, LLC and Dr. Keith Gold, D.V.M. ("Defendants") for alleged breach of contract and unjust enrichment. Defendants now move for summary judgment and or dismissal for lack of subject matter jurisdiction.[1] The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, Defendants' motion (ECF No. 16) is GRANTED IN PART and DENIED IN PART.

I.     BACKGROUND

This case involves a contract dispute between a provider of laboratory services (Plaintiff) and a veterinary hospital and its owner (Defendants). The facts, as alleged by Plaintiff,[2] are as follows.

---

[1] Although Defendant's motion is styled as one for summary judgment only, some of the arguments advanced therein challenge the Court's subject matter jurisdiction. As explained, *infra*, those arguments must be considered under the standard of a motion to dismiss under Rule 12(b)(1).

[2] On a motion for summary judgment, the court must view all facts and reasonable inferences in the light most favorable to the non-moving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

Plaintiff, doing business as Antech Diagnostics, is a California corporation that provides commercial laboratory services. Defendant Chadwell Animal Hospital, LLC is a Maryland limited liability company that owns and operates a veterinary hospital in Abingdon, Maryland. Defendant Keith Gold, D.V.M. is the owner and president of Chadwell Animal Hospital, LLC.

In December of 2009, Plaintiff and Defendants allegedly entered into a written contract ("the Contract") whereby Defendants agreed to purchase lab services exclusively from Plaintiff for a period of four years in exchange for discounted prices. Specifically, Defendants allegedly agreed to purchase a minimum of $78,000 in services per year and Plaintiff agreed to issue Defendants a "loyalty rebate" equal to 17% of their purchases each month. Additionally, a "default" provision stated that if Defendants breached the exclusivity agreement or failed to timely pay their invoices, Plaintiff was entitled to declare the full amount of any rebates previously paid to be billable and due immediately. The Contract also contained a choice of law provision stating that it would be governed by the law of California.

Plaintiff alleges that, after less than a year, Defendants breached the Contract by using the services of another laboratory and informed Plaintiff that they would not honor the Contract for the remainder of the four-year term. In June of 2011, Plaintiff filed this suit seeking damages equal to the minimum annual fees Defendants would allegedly have been obligated to pay over the remaining term of the Contract ($273,000.00) or, in the alternative, restitution of the rebates they had already paid to Defendants ($44,844.00). Although the deadline for the completion of discovery is not yet passed, Defendants have now moved for summary judgment and/or dismissal of Plaintiff's claims on the grounds that: (1) Plaintiff has failed to allege a sufficient amount in controversy to support diversity jurisdiction; (2) Dr. Gold is not a party to the

Contract; and (3) the existence of an express contract bars Plaintiff from pursuing a claim of unjust enrichment (restitution).

## II. LEGAL STANDARD

### A. DIVERSITY JURISDICTION: AMOUNT IN CONTROVERSY

A plaintiff invoking the diversity jurisdiction of a federal court bears the burden of establishing that the amount in controversy in the case exceeds $75,000. *See McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); 28 U.S.C. § 1332. That burden is carried, however, so long as the plaintiff, in good faith, claims the requisite amount on the face of the complaint. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). If the plaintiff so claims, then a defendant seeking dismissal based on the amount in controversy must show that it is legally impossible for the plaintiff to recover the jurisdictional amount. *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981). The defendant's burden in this regard is a heavy one, as the impossibility of recovery must be "so certain as to virtually negative the plaintiff's good faith in asserting the claim." *Id*.

### B. SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) directs district courts to grant summary judgment if the moving party shows "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." If the moving party carries this burden, then summary judgment will be denied only if the opposing party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). To carry these respective burdens, each party must support its assertions by citing particular parts of materials in the record constituting admissible evidence. Fed. R. Civ. P. 56(c)(1)(A). The court will then assess the merits of the motion, viewing all facts and reasonable

inferences in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

### III. ANALYSIS

#### A. Amount in Controversy

Defendants assert that Plaintiff has failed to demonstrate that it can recover the minimum amount in controversy ($75,000) to support diversity jurisdiction. Although Defendants' motion is styled as one for summary judgment, a defect in the Court's subject matter jurisdiction would require dismissal of the case rather than an entry of judgment. The Court therefore construes this part of Defendants' motion as one to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). For the following reasons, that motion will be denied.

In Count I of its complaint, Plaintiff claims $273,000.00 in damages, which it alleges is the minimum annual fee the Defendants would have been obligated to pay over the remaining term of the Contract. Defendants argue, however, that as a matter of law Plaintiff cannot recover this amount because it does not account for the additional cost of performance that Plaintiff would have incurred had the Contract been fully performed. While the Court agrees that Plaintiff's lost profits under the Contract (*i.e.*, its expectation damages) would, by definition, be less than the minimum annual fee, Defendants have offered no evidence suggesting that Plaintiff could not still have made a net profit of at least $75,000, which is all that is necessary to sustain diversity jurisdiction.[3] Defendants have thus failed to carry their burden, and the Court must accept the sum claimed in the complaint as the amount in controversy, even if Plaintiff's chance of actually recovering that amount appears remote. *See Wiggins*, 644 F.2d at 1017. The Court

---

[3] The Court, of course, makes no ruling here as to whether net lost profits would be the correct measure of damages in this case if Plaintiff were to prevail.

will therefore deny Defendants' motion to dismiss this case for lack of subject matter jurisdiction.

### B. Summary Judgment as to the Individual Liability of Defendant Dr. Gold

Defendants argue that Dr. Gold is entitled to summary judgment on Plaintiff's claims against him in his individual capacity because he is not a party to the Contract. According to them, the Contract is solely between Plaintiff and Chadwell Animal Hospital, LLC, for whom Dr. Gold signed as an agent. The Court agrees.

First, the Court finds that the Contract is ambiguous on its face with respect to the identity of the parties it purports to bind. The cover page states that "This Services Agreement (this "Agreement") is entered into by and between Antech Diagnostics ("Antech") and the party or parties listed below as "Animal Hospital Owner(s)…" Further down on the same page, the parties are designated as follows:

**PARTIES**

...

| **Animal Hospital:** | **Chadwell Animal Hospital** |
|---|---|
| **Owner(s):** | **Dr. Ruby Shaupp** |
| | **Dr. Keith Gold** |
| Address: | 3004 Emmorton Road |
| | Abingdon, Maryland 21009 |
| Telephone: | (410) 512-8338 |
| Facsimile: | (410) 512-8344 |

By itself, this language evinces an intent to bind both Chadwell and Drs. Shaupp and Gold individually (although even this is slightly ambiguous because the first paragraph refers to the "parties listed below as **'Animal Hospital Owners'**" whereas the subsequent designation uses two separate terms, **"Animal Hospital:"** and **"Owners:"**). On the signature page of the Contract, however, Dr. Gold's signature appears beneath the designation **"ANIMAL**

5

**HOSPITAL OWNER(s)"** followed by "By: _____Keith Gold_____," "Its: _____President_____." The only other signature contained in the Contract is that of Plaintiff's sales manager, Mark McLean. Dr. Gold's signature as "Its President" clearly indicates that only Chadwell Animal Hospital, LLC, of which he is in fact president, is being bound. The discrepancy between the cover page and the signature page of the contract creates a facial ambiguity.

Under California law, when contract language is ambiguous a court may admit extrinsic evidence of the parties' intent and, if necessary, submit that evidence to a jury to determine its creditbility. *Wolf v. Superior Court*, 114 Cal.App.4th 1343, 1351 (Cal. App. 2d Dist. 2004). However, if no extrinsic evidence is admitted, or if the extrinsic evidence is not in conflict, then interpretation of the contract, including the resolution of any ambiguity, is a matter of law to be decided by the court. *Id*. Here, although both sides have submitted affidavits in support of their respective interpretations, the Court finds that this evidence is either inadmissible or immaterial. Defendant offers the affidavit of Dr. Gold, who states that "At all times that I met with Mr. McLean or spoke with Mr. McLean on the phone, it was known to him that I was acting on behalf of the animal hospital," and that "I signed a [the Contract]… as an agent and representative of Chadwell Animal Hospital, LLC." (Gold Aff., ECF No. 16-2, Ex. 1). Dr. Gold's statement about what Mr. McLean knew is clearly not admissible evidence - *see* Fed. R. Civ. P. 56(c) (affadivits submitted with regard to summary judgment motions to be made on personal knowledge and without "conclusory language") – and the fact that he signed the Contract as an agent of Chadwell is already apparent on the document's face - (indeed, that is precisely what creates the ambiguity). Equally unhelpful is the affidavit of Plaintiff's Senior Vice President, Sal Rallo, who states that Plaintiff "intended Dr. Keith Gold and Chadwell Animal Hospital, LLC to be contractually obligated by the Agreement." (Rallo Aff., ECF No.

22-1 – SEALED). Even if credited, this statement is irrelevant to the interpretation of the Contract. A binding contract is formed by, among other things, the *mutual* intent of the parties to bind themselves to certain promises. *See First Nat'l. Mortg. Co. v. Federal Realty Inv. Trust*, 631 F.3d 1058, 1065 (9th Cir. 2011) (citing *Kruse v. Bank of Am.*, 202 Cal.App.3d 38, 59, 248 Cal.Rptr. 217 (1988). "One party's subjective and undisclosed intent is simply irrelevant to contract interpretation." *Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.,* 109 Cal.App.4th 944, 956, 135 Cal.Rptr.2d 505, 514 (Cal. App. 4th Dist. 2003).

Because the parties have offered no relevant and admissible evidence regarding their mutual intent at the time they executed the Contract, the Court must construe the Contract based on the writing alone despite its ambiguity. In performing that task, the Court must strive to give effect to the parties' objective intent, as evidenced by the "usual and ordinary meaning of the language used and the circumstances under which the agreement was made." *Id* at 955. Applying this standard, the Court finds that the Contract binds only Plaintiff and Defendant Chadwell Animal Hospital, LLC. Although the Contract suggests an intent by Plaintiff to bind Drs. Shaupp and Gold individually, as discussed above, there is no indication that these persons, as individuals, ever executed the Contract or agreed to its terms. The only parties that executed the Contract were Plaintiff, via its agent, Mr. McLean, and Chadwell Animal Hospital, LLC, via its agent and president, Keith Gold. Plaintiff would have this Court find that the signature of Keith Gold, as the agent of Chadwell, also bound Keith Gold the individual. That simply cannot be. While it is common for an agent to bind a principal in contract, the Court is not aware of any precedent in the law of contract or agency that allows a principal to bind an agent. Defendant's

motion for summary judgment as to the claims against Keith Gold, individually, will therefore be granted.

### C. Summary Judgment as to Plaintiff's Claim of Unjust Enrichment

Defendants argue that Plaintiff's unjust enrichment claim is barred by the existence of an express contract. Under California law, an action for unjust enrichment does not lie when a valid contracts exists that defines the rights of the parties with respect to the subject matter of the claim. *Paracor Fin. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). However, "when the terms of a contract or parties to said contract are disputed," then a plaintiff may plead unjust enrichment in the alternative to a breach of contract under Rule (8)(d)(2)-(3).[4] *RaceRedi Motorsports, LLC v. Dart Machinery, Ltd.*, 640 F.Supp.2d 660, 666 (D.Md. 2009). Defendants have conceded the existence of a contract between Plaintiff and Chadwell Animal Hospital. (Def.s' Mem. 5, ECF No. 16-1). However, in their Answer, Defendants deny the allegations of Plaintiff's complaint relating to the terms of the contract. (Compl. ¶ 10, ECF No. 1); (Ans. ¶ 10, ECF No. 5). Nothing in the parties' briefs on the present motion indicate that Defendants have altered their position. It therefore appears that the terms of the contract are in dispute. As long as they remain so, Plaintiff is free to maintain an alternative claim for unjust enrichment. *See id*. Defendant's motion to dismiss this claim will therefore be denied.

### IV. CONCLUSION

Accordingly, ORDERS shall enter GRANTING IN PART and DENYING IN PART Defendants' Motion for Summary Judgment and to dismiss for lack of subject matter jurisdiction (ECF No. 16) as follows:

---

[4] "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

(1) Defendant's motion to dismiss for lack of subject matter jurisdiction will be DENIED;

(2) Defendant's motion for summary judgment on Plaintiff's claim of unjust enrichment will be DENIED;

(3) Defendant's motion for summary judgment as to all claims against Defendant Keith Gold, D.V.M. in his individual capacity will be GRANTED; and

(4) JUDGMENT will be ENTERED in favor of Defendant Keith Gold, D.V.M. as to all claims asserted against him in this case.

Dated this 29th day of November, 2011

BY THE COURT:

/s/
James K. Bredar
United States District Judge