# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| VCA CENVET, INC., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-11-1763 |
| CHADWELL ANIMAL HOSPITAL, LLC, *et al.*, | * | |
| Defendants | * | |

## MEMORANDUM & ORDER

VCA Cenvet, Inc. ("Plaintiff") brought this suit against Chadwell Animal Hospital, LLC ("Defendant")[1] for alleged breach of contract and unjust enrichment. Now pending before the Court is Plaintiff's motion to seal the Court's memorandum opinion and judgment order (ECF No. 71). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons explained below, Plaintiff's motion to seal the Court's memorandum and order is DENIED.

### I.     BACKGROUND

Plaintiff is a California corporation that provides commercial laboratory services. Defendant is a Maryland limited liability company that owns and operates a veterinary hospital in Abingdon, Maryland. On February 22, 2013, the Court issued a memorandum and order (ECF Nos. 69 and 70) granting Defendant's motion for summary judgment, denying Plaintiff's motion for summary judgment, entering judgment in this matter, temporarily sealing the Court's memorandum and order, and ordering that the memorandum and order be unsealed after ten days

---

[1] Summary judgment was previously entered in favor of a second Defendant, Dr. Keith Gold. (Order, ECF No. 32).

"unless the Court upon motion enters a further sealing order." On February 25, 2013, Plaintiff filed a motion to further seal the memorandum and opinion. Defendant filed a response on March 12, 2013, and Plaintiff filed its reply on March 28, 2013.

## II. LEGAL STANDARD

There is a "presumption of access accorded to judicial records." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). In the Fourth Circuit, "a First Amendment right of access attaches to documents filed in connection with a summary judgment motion" in civil cases. *ACLU v. Holder*, 652 F. Supp. 2d 654, 661 (E.D.V.A. 2009) (citing *Rushford*, 846 F.2d at 253).[2] However, "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion." *Rushford*, 846 F.2d at 253. Under the First Amendment, a "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* (citing multiple cases). The party seeking to prevent access to judicial documents after a grant of summary judgment has the burden of establishing "that the denial [of access] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *Id.*

## III. ANALYSIS

In determining whether the Court's previous memorandum and order should be sealed, the Court must follow the following procedure: (1) the Court must give the public adequate notice that the sealing of documents may be ordered; (2) the Court must provide interested persons an opportunity to object to the requests before the Court makes its decision; (3) if the

---

[2] Protective orders that limit the disclosure of pretrial discovery materials can be appropriate because such discovery is "ordinarily conducted in private." *Rushford*, 846 F.2d at 252. However, once the documents "are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery." *Id.* (internal quotation marks omitted).

Court decides to seal documents, it must state its reasons on the record, supported by specific findings; and (4) the Court must state its reasons for rejecting less restrictive alternatives. *Rushford*, 846 F.2d at 253-54 (citing *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984)).

In order to satisfy the first requirement, the Court must "give the public adequate notice that the . . . sealing of documents may be ordered," and the motion must be docketed reasonably in advance of its disposition "so as to give the public and press an opportunity to intervene and present their objections to the court." *In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986). Plaintiff's motion to seal the Court's memorandum and order (ECF No. 71) was docketed on February 25, 2013, the day it was filed. Defendant's response (ECF No. 72) and Plaintiff's reply (ECF No. 76) were similarly docketed on the same days the parties filed them. As required by Local Rule 105.11, the Court has allowed more than 14 days to elapse after the motion was entered on the public docket to permit the filing of objections by interested parties; in fact, more than two months have passed since Plaintiff filed its motion to seal. Therefore, the Court has given the public adequate notice that it may order the sealing of its memorandum and opinion.

The Court has also satisfied the second requirement. The Court gave Defendant the opportunity to respond, and Defendant filed a brief in opposition to Plaintiff's motion to seal (ECF No. 72). No members of the public or press intervened or otherwise indicated opposition to Plaintiff's motion, but the Court would have allowed any such parties to present arguments in opposition. The third and fourth requirements only apply if the Court decides to seal its memorandum and order.

Plaintiff argues that the Court's memorandum and order should be sealed because they contain "proprietary information concerning [Plaintiff's] relationships with its clients, its Lab Services Agreement ("LSA"), and its fixed costs and variable costs." (Pl. Br. at 1-2, ECF No.

3

71.) Plaintiff further argues that this information should be sealed because it constitutes "trade secrets." (Pl. Reply Br. at 2, ECF No. 76.)

Plaintiff's argument that the memorandum and order should remain sealed because the memorandum "quotes and discusses the LSA at great length" can be dealt with quickly. Even assuming for the purposes of this analysis that the terms of the LSA between these parties constitute trade secrets—a doubtful assumption—Plaintiff failed to object to the unsealing of the Court's first memorandum opinion in connection with the parties' motions for summary judgment (ECF No. 57). The first memorandum quoted the relevant provisions of the LSA at great length, including almost all of the provisions that the Court quoted in the memorandum at issue here. The Court issued the first memorandum under temporary seal and ordered the parties to submit any motions to make the seal permanent within ten days. Neither party filed such a motion, and the Court's original memorandum is a public document. There is no compelling governmental interest in protecting information that is already public.

Plaintiff has also failed to establish that its fixed and variable costs constitute trade secrets. Trade secrets enjoy a "broad definition," but they must be a "formula, pattern, device or compilation of information which is used in one's business, and which gives [the owner] an opportunity to obtain an advantage over competitors." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 122 (D. Md. 2009). In order to meet its burden, Plaintiff must "explicitly identify information akin to trade secrets, and describe how its release will result in an unfair commercial advantage." *Id.* at 123. Information about Plaintiff's fixed and variable costs may be sensitive business information that Plaintiff prefers to keep confidential, but Plaintiff does not use that information to obtain a competitive advantage over its competitors. Although, Plaintiff asserts that the release of that information could give its competitors an unfair competitive advantage,

Plaintiff has not provided "specific factual representations" to justify this conclusory assertion. *See id.* at 123-24; *see also* Local Rule 105.11.

Finally, the Court must consider whether it is required to raise the issue of unsealing the briefs and exhibits that the parties submitted in connection with their competing motions for summary judgment. Certain language in the *Rushford* opinion, which emphasizes the presumption of access to judicial records, could be interpreted as holding that district courts must raise the issue of unsealing these records *sua sponte*. *See Rushford*, 846 F.2d at 253 ("the district court must address the question at the time it grants a summary judgment motion and not merely allow continued effect to a pretrial discovery protective order"). However, in a subsequent case, the Fourth Circuit suggested that such records should not be unsealed unless the party that makes the motion is properly situated. *See Pittston Co. v. U.S.*, 368 F.3d 385, 406 (4th Cir. 2004) (holding that the district court did not abuse its discretion by refusing to unseal the documents because the party that made the motion already had access to the documents and had agreed to the protective order under which the documents were produced); *see also Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 577 n.6 (4th Cir. 2004) (distinguishing *Pittston* because media members intervened in *Washington Post* and sought to make the documents public).[3]

Ultimately, the Court need not determine whether district courts are *always* required to raise the issue of unsealing summary judgment exhibits *sua sponte*. The Court did not comply with the *Rushford* procedure or Local Rule 105.11 when it granted the various motions to seal the parties' summary judgment motions and the related briefs and exhibits; specifically, the

---

[3] As other courts have pointed out, *Pittston* is further distinguishable from both *Rushford* and the case before the Court because the documents at issue were produced by an entity that was not a party to the lawsuit. *See Allstate Ins. Co. v. Warns*, No. 11 Civ. 1846 (CCB), 2012 WL 681792, *17 (D. Md. Feb. 29, 2012). However, it is not readily apparent why that distinction should alter the First Amendment analysis enough to override the presumption in favor of access to judicial records.

Court failed to wait 14 days before ruling on these motions. For that reason, the Court must now reconsider the parties' motions to seal their summary judgment briefs and exhibits (ECF Nos. 45, 46, 51, 52, 58, 60, 66, 67). The motions are inadequate to justify further sealing those records. The parties made *pro forma* arguments for sealing the records by citing to the confidentiality order in this case. The parties failed to meet their burden of establishing "that the denial [of access to these records] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *See Rushford*, 846 F.2d at 253. For that reason, the Court will unseal the parties' summary judgment briefs and exhibits. The Court will also stay this order for 15 days to allow the parties time to file an appeal.[4]

## IV. ORDER

Accordingly, it is ORDERED that

(1) Plaintiff's motion to seal the Court's memorandum opinion and judgment order (ECF No. 71) is DENIED;

(2) The Court's February 22, 2013 memorandum and order (ECF Nos. 69 and 70) are UNSEALED;

(3) The parties' summary judgment briefs and the related exhibits (ECF Nos. 44, 47, 50, 53, 59, 61, 65, 68) are UNSEALED; and

(4) This order is STAYED for 15 days.

Dated this <u>29th</u> day of April, 2013

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[4] The Court is disappointed that neither of the parties' briefs identified *Rushford* or accurately stated the Fourth Circuit standard for resolving this motion. As has happened several times in the course of this litigation, the parties' failure to identify the proper legal standard made the briefs less than helpful in exploring the relevant issues.